No. 61,836

In the Matter of Lonnie A. Hamilton, *Respondent.*

(753 P.2d 1287)

Opinion filed April 29, 1988.

*Bruce E. Miller,* disciplinary administrator, appeared for the petitioner.

There was no appearance by respondent.

This original action in discipline results from several complaints filed by the office of the Disciplinary Administrator against Lonnie A. Hamilton, of Olathe, an attorney admitted to the practice of law in Kansas. The Kansas Board for Discipline of Attorneys (Board), following hearings, recommended that the respondent be disbarred. We concur in that recommendation. The various complaints will be separately discussed.

### No. B4092

In Count I of this complaint, the hearing panel of the Board found that respondent was retained by Thomas Claus in regard to personal injuries he received in an automobile accident. Without informing his client, and without his consent, the respondent settled his client's claim for $3,929.50, signed the client's name on a release and insurance company draft, converted the entire sum to his own use, and abandoned his client. The panel found numerous violations of the Code of Professional Responsibility, Rule 225 (1987 Kan. Ct. R. Annot. 122 *et seq.*), including DR 1-102(A)(3), (4), (5), and (6); DR 7-101(A)(3); and DR 9-102(B)(1), (3), and (4). The panel also found that respondent failed to cooperate with the Disciplinary Administrator in violation of Rule 207 (1987 Kan. Ct. R. Annot. 105).

In Count II, respondent had been retained to represent Darryl A. Danner in the appeal of a criminal conviction. Mr. Danner paid respondent $1,255.00 to cover the filing fee and an advance payment on the trial transcript of $1,200.00 for the court reporter. Respondent converted the entire $1,255.00 to his own use. The panel found violations of DR 1-102(A)(4) and (6).

### No. B4049

William R. Colles retained respondent in a child support and

visitation dispute. Colles paid respondent a retainer of $250.00 and respondent failed to furnish the legal services agreed upon. Respondent kept the entire retainer. The panel found respondent had neglected a legal matter entrusted to him in violation of DR 6-101(A)(3) and that he also violated DR 1-102(A)(6) and Rule 207.

### No. W3969

In this case the panel found that respondent wrote three rent checks in the amounts of $1,276.00, $1,138.00 and $1,144.00, which were returned marked "insufficient funds." The checks never have been made good and the panel found violations of DR 1-102(A)(4) and (6).

### No. B4047

Respondent, in connection with a business partnership, issued insufficient fund checks to "MHM" Corporation in amounts of $2,000.00, $1,500.00, and $1,000.00, which were never made good. Again the panel found violations of DR 1-102(A)(4) and (6).

### No. B4036

Chris Ann Tate retained respondent to represent her in a divorce action. Mrs. Tate paid respondent $300.00 plus $55.00 court costs. Respondent converted the $55.00 to his own use, failed to file the divorce action, kept the $300.00 retainer, and failed to account to his client or perform any of the agreed legal services. The panel found violations of DR 6-101(A)(3) and DR 1-102(A)(4) and (6).

A review of the record reveals that all of the findings of the panel are supported by clear and convincing evidence and we agree with the Board's recommendation that respondent be disbarred.

IT IS THEREFORE ORDERED that Lonnie A. Hamilton be and he is hereby disbarred from the practice of law in the State of Kansas and the Clerk of the Appellate Courts is directed to strike the name of Lonnie A. Hamilton from the rolls of attorneys in Kansas.

IT IS FURTHER ORDERED that Lonnie A. Hamilton shall comply forthwith with the provisions of Rule 218 (1987 Kan. Ct. R. Annot. 116).

IT IS FURTHER ORDERED that the costs of this action be assessed to Lonnie A. Hamilton.

Effective this 29th day of April, 1988.